AYRES *vs* DOBSON & HUGHES.

1. A judgment against a party must be based upon certain, definite and regular proceedings, which the record must disclose.
2. Thus, where a judgment was entered against one, as a late sheriff, upon a motion, and there was no showing in the record, for what violation of duty in returning an execution, the judgment was entered, it was held to be erroneous.
3. *It seems*, that an injury accruing to a plaintiff in execution, from the mere *impropriety* of the return endorsed thereon, by a sheriff, would not authorise a proceeding against the latter, in the summary mode pointed out by statute.

This was a writ of error to the County Court of Jefferson, to review proceedings of that Court, whereby a judgment had been entered, on motion, against John B. Ayres, late sheriff, for the sum of two hundred and eighty-four dollars and thirty-six and one-half cents.

The record showed, that, at the August Term, one thousand eight hundred and thirty, of the County Court of Jefferson, a notice was returned into that Court in the following words, to wit:

" The State of Alabama, }
         " Jefferson County. }

" To the sheriff of said County—Greeting.

         " You are hereby commanded, to notify John B. Ayres, late sheriff of said County, that at the next term of the County Court of the said County, to be held at the Court House, in the town of Elyton, on the fourth Monday of August next, or as soon there-

after as counsel can be heard, said Court will be moved to render a judgment against him, and his securities in office, according to the statutes providing remdies against sheriffs, for failing to return executions, or for making insufficient returns on executions, or for such judgment as the Court may judge proper, and according to law—for failing to return, according to law, a *fieri facias*, issued out of this Court, on the first day of September, one thousand eight hundred and twenty-seven, on a judgment in favor of William P. Dobson & Matthew M. Hughes *vs* John Hanby, rendered the twentieth of August, one thousand eight hundred and twenty-seven, for debt, two hundred and fifty dollars, and damages; twenty-two dollars and forty-nine cents, besides costs; and received by him, on the third day of September, one thousand eight hundred and twenty-seven: which said *fieri facias*, he did not return according to the command of said writ, as he, by law, was required to do. And, have you there this notice.

"Witness, H. W. Goyne, Clerk of said Court, this 23d day of July, 1830.

"Test. H. W. Goyne, clerk."

This notice was returned, *non est inventus*, and an alias issued, returnable to February term, one thousand eight hundred and thirty-one, which was executed on the twentieth day of October, one thousand eight hundred and thirty.

At February term, one thousand eight hundred and thirty-one, the following entry was made, to wit—

"And now, at this day, that is to say, the term first

aforesaid, came the parties by their attornies, and the said motion coming on to be heard and considered of, by the Court, the said plaintiff, to support the said motion, produced and read to the Court the following evidence, to wit:"

Then was entered a copy of the said original and alias notices, served upon Ayres; and a copy of an execution, commanding the sheriff of Jefferson County, that, of the goods and chattels, lands and tenements of John Hanby, he levy the sum of two hundred and fifty dollars, which William P. Dobson and Matthew M. Hughes, lately, in the County Court, to wit, *on the third Monday in February, one thousand eight hundred and twenty-seven,* recovered against said Hanby, as well as damages and costs. This execution was tested the first day of September, one thousand eight hundred and twenty-seven; and had endorsed, this return, to wit—

"Rec'd 3d Sept., 1827, John B. Ayres, sheriff."— "The within named John Hanby hath no goods or chattels within my County, whereof I can make the sum of two hundred and eighty-four dollars and thirty-six and a half cents, within mentioned, or any part thereof.

"J. B. Ayres, sheriff, by his deputy, W. Ayres."

Then followed, in the record, as of August term, one thousand eight hundred and thirty-one, the subjoined entry—

"The judgment on which said execution issued, was also produced—all which was shewn and read to the Court; upon which said evidence, the said plaintiff moved the said Court, for judgment against the said John B. Ayres, late sheriff of said County,

for the sum of two hundred and eighty-four dollars and thirty-six and a half cents, being the amount of the judgment specified in said execution, for failing to return said execution, according to law; whereupon the said defendant demurred to the said evidence, upon which the said plaintiff joined in demurrer. And the said demurrer coming on to be heard and considered of by the Court, and after argument of counsel had thereon—it is ordered, that the demurrer be overruled. It is, therefore, considered by the Court, that the plaintiff recover against the defendant, the sum of two hundred and eighty-four dollars and thirty-six and a half cents, the amount of the judgment against Hanby, besides his costs by him, about his suit, in this behalf, expended. And, the said defendant, in mercy," &c.

In addition to these entries, the record disclosed, that at August term, one thousand eight hundred and thirty, of said Court, the said John B. Ayres, entered on the rule docket of the said County Court, a motion to amend his return " on the writ of *fi. fa.* in the case of Hughes & Dobson *vs* John Hanby, No. 430, returned by him to this Court, by adding, after the words " *goods or chattels*," the words " *lands or tenements;*" which, it appeared the Court overruled, on the ground " that a notice had issued to said late sheriff, to make him liable upon said return of said writ of *fieri facias;* which notice had been returned *non est inventus.*"

*Ellis*, for the plaintiff in error—
*Peck*, contra.

THORNTON, J.—This case comes before this Court, by writ of error, to a judgment of the County Court of Jefferson, upon a motion against the late sheriff of that County.

The assignment of errors is multifarious, and well it might be so, for the case presented by the record is truly *"sui generis."* The record opens with what seems to be a formal process, in the style of "The State of Alabama," directed to the sheriff of said County, (greeting,) and solemnly tested by the Clerk of the Court. It came to the hands of the sheriff, and in due season comes back to the Clerk, with the sheriff's return of *"non est inventus."* Upon this, an *alias* is issued and served upon the defendant.

Here, a short interlude intervenes, upon the record, in which the defendant moves the said Court to amend his return upon the execution described in the process above mentioned, of which nothing more is seen or heard, except that, in answer to a *certiorari*, issued from this Court, it is certified that the motion to amend was overruled.

At the August term, one thousand eight hundred and thirty-one, a trial was had, and, upon demurrer to the evidence introduced on the part of the plaintiff, in support of his motion, the following judgment was rendered by the Court:

"It is, therefore, considered by the Court, that the plaintiff recover against the defendant the sum of two hundred and eighty-four dollars and thirty-six and one half cents, the *amount* of the *judgment* against Hanby, besides his costs, by him, about his suit, in this behalf, expended. And said defendant, in mercy, &c."

It is important, in deciding upon this case, to determine for what particular violation of his duty, the defendant in this cause, was sought to be made liable. The mode of recovery against a sheriff by motion, is a cumulative remedy given by statute, and only lies where it is so expressly given. It is allowed for not levying money on execution, when practicable—for not paying it over, when levied—for making a false return, and for not returning the writ, itself, into the Clerk's office, from which it issued, at least three days previovs to the term of the Court to which it is made returnable.

If the motion in this case, were for any thing else than the failure to return the writ, itself, back to the office, the evidence which is spread upon the record, would not furnish a shadow of support to it. In that sense, alone, the words used in the notice, and in the judgment of the Court—"for failing to return the execution, according to law"—must be understood, or this whole proceeding is a legal non-entity.

If any injury accrued to the defendant, from the *impropriety* of the *return*, as commonly so called, indorsed on the execution, his remedy was not this summary proceeding, but a common law action.

Let us suppose it, then, (for it is all supposition,) to have been intended as a "motion by Dobson & Hugues, against John B. Ayres, late sheriff, &c., for failing to return, according to law, the following execution, (here it should be set out on the record, as it is described in the notice,) which came to his hands, and was by him detained from the office," &c.

Upon the hearing of this motion, all the evidence being record, or paper testimony, was demurred to,

and in that manner, is now spread upon the record. It is evident, from examining the evidence, that it does not sustain the motion which the plaintiff in error is supposed to have been notified to defend.

The execution, which is a most material part of the proof, is one upon a different judgment from that, on which the one he is called upon to answer for failing to return is described, in the notice, to have issued. The execution in the motion and notice, is described as having issued upon a judgment rendered on the twentieth August, one thousand eight hundred and twenty-seven, whereas the execution introduced in evidence, purports to be a judgment, rendered on the third Monday in February, one thousand eight hundred and twenty-seven, as is recited in the body of the said execution. An indorsement on the back of this execution, in the following words and figures—"Judgment, 20th August, 1827," made when, by whom, and for what purpose, does not appear—can not control a statement, which is an essential part of the writ.

If this were an ordinary case, where the question raised by demurrer to the evidence, were decided upon below, and brought up properly for our revision, we could not hesitate, from our view of the evidence, to reverse the decision of the County Court. But the only judgment which can be rendered in a motion like this, if it be considered as made for detaining the execution from the office, being a fine, which is placed by statute, in the discretion of the inferior tribunal; and the exercise of discretionary power, not being the subject of supervision by this Court, we could not disturb this judgment, *either* for

the enormity of the fine which may have been imposed, provided it did not exceed the limit put upon it by the law; *or,* for a misconception of the evidence, or circumstances of the case, upon which the fine was assessed. This discretionary power, however, I think, is confined to the *amount of fine* to be assessed, within the limit of the statute, and to the *evidence*, which, in contemplation of law, affects that amount—power over the evidence, being an incident to power over the fine.

But, when this discretionary power wanders from the channel which the law has prescribed for its course, it is subjected immediately to the controlling influence of this Court. Claiming thus far a supervising authority, let us look into the proceeding.

Without deciding whether the notice required by the statute was good, in the manner it was issued—not being in the name of the party to the judgment—we think that the judgment itself, which is embraced by the assignment of errors, can not find any support in the record, and should be reversed, as a nullity. Every judgment should rest upon some certain and definite basis, which the record should disclose.

I ask, for what violation of duty, by the officer, was this judgment pronounced? The record is either silent on this subject, or speaks with oracular ambiguity. In summary proceedings of this kind, a motion should be entered upon the record, showing for what cause the action of the Court is sought. Some times the notice, which is, properly, evidence, under the motion, is adopted as the motion; and, this will do, where the notice, itself, is single or for

AYRES *vs* DOBSON & HUGHES.

*one cause*, and that unequivocally set forth; but not as here, where the notice is a perfect *uon plus*.

From examining the notice, the other evidence accompanying it, and the judgment itself, my mind is irresistably led to the conclusion, that the whole proceeding was had upon a misconceived apprehension, that the summary remedy of notice and motion, would lie for the defect, or omission in the indorsement of the sheriff, in leaving out the words " lands or tenements." It is unnecessary, however, to speculate about the meaning of a record; where there is room for *conjecture*, there is palpable error; and this record is so fruitful of it, that the judgment it contains must be reversed.